**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 99-00893-1- PCT-RCB |
| Plaintiff, | |
| vs. | **ORDER**<br>**REVOKING SUPERVISED RELEASE** |
| Charles Jones, | |
| Defendant. | |

A petition for revocation of supervised release having been filed and hearings held with the defendant and counsel present, and the defendant having previously admitted special condition #9, paragraphs D of the petition,

IT IS ORDERED revoking the defendant's supervised release and the defendant, Charles Jones, shall be committed to the custody of the Bureau of Prisons for a term of **FOUR (4) MONTHS.**

IT IS FURTHER ORDERED following incarceration the defendant is sentenced to a term of supervised release of **FIFTY-FIVE (55) MONTHS** under the standard conditions adopted by this court in General Order 05-36 . Of particular importance, the defendant shall not commit another federal, state, or local crime during the term of supervision and the defendant shall abstain from the use of illicit substances. Within 72 hours of release from the custody of the Bureau of Prisons the defendant shall report in person to the Probation Office in the district to which the defendant is released. The defendant shall comply with the

following additional special conditions,

1. You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include all forms of testing for all forms of substance abuse including use of alcohol. You shall contribute to the cost of treatment in an amount, if any, to be determined by the probation officer.

2. You shall submit your person, property (including but not limited to computer, electronic devices, and storage media), residence, office, or vehicle to a search conducted by a probation officer, at a reasonable time and in a reasonable manner.

3. You shall attend and participate in a sex offender treatment program and sex offense specific evaluations as approved by the assigned probation officer. You shall abide by the policies and procedures of all the treatment and evaluation providers. You shall contribute to the cost of such treatment and assessment not to exceed an amount in an amount determined to be reasonable, if any, by the probation office based on ability to pay.

4. You shall attend and participate in periodic polygraph examinations as a means to determine compliance with conditions of supervision and the requirements of your therapeutic program as directed by the probation officer. No violation proceedings will arise solely on the results of a polygraph test. A valid Fifth Amendment refusal to answer a question during a polygraph examination will not be used as a basis for a violation proceeding. You shall contribute to the cost of such polygraph examination not to exceed an amount determined to be reasonable, if any, by the probation officer based on ability to pay.

5. You shall not possess, view, or otherwise use material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256 (2). You shall not possess, view, or otherwise use any other material that is sexually stimulating or sexually oriented, or deemed to be inappropriate by the probation officer and/or treatment provider. You will submit any records requested by the probation officer to verify your compliance with this condition. You shall not enter any location where the primary function is to provide

1 | these prohibited materials.

6. You shall register as a sex offender in compliance with all federal, state, tribal or other local laws or as ordered by this court. Failure to comply with registration laws may result in new criminal charges.

7. You shall not be in the company of or have contact with children under the age of 18 years without prior approval of the probation officer. Contact includes, but is not limited to, letters, communication devices, audio or visual devices, visits, or communication through a third party. You shall immediately report any contact to the probation officer.

8. You shall not directly or indirectly contact any victim(s) or victim(s) family of the instant underlying offense(s) without prior written permission. This also includes Victim(s) disclosed in treatment, assessment and/or any other victim identified by the probation officer. Indirect contact includes, but is not limited to, letters, communication devices, audio or visual devices, visits or communication through a third party and/or your presence at any location the victim(s) may be known to frequent. You shall immediately report any contact to the probation officer.

9. You are restricted from engaging in any occupation, business, volunteer activity or profession where you have potential to be alone with children under the age of 18 years, or with a vulnerable population (i.e. elderly or physically or mentally handicapped) without prior written permission. Acceptable employment shall include a stable, verifiable work location and the probation officer must be granted access to your work site.

10. You shall notify the probation officer immediately of all individuals with whom you have an intimate and/or romantic and/or sexual and close emotional relationship and supply the probation officer the name, date of birth and current contact information of that individual.

11. You shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication. You shall contribute to the cost of

1 | | treatment in an amount to be determined from time to time, if any, by the probation
2 | | officer.
3 | 12. | You shall abstain from all use of alcohol or alcoholic beverages.
4 | 13. | You shall reside and participate in a residential treatment center for up to 180 days,
5 | | unless extended or discharged earlier by the probation officer.

IT IS FURTHER ORDERED dismissing allegations A, B and C of the petition.

The defendant is remanded into the custody of the United States Marshal's Service.

The defendant is advised of his right to appeal within 14 days.

DATED this 26th day of January, 2012.

_____
Robert C. Broomfield
Senior United States District Judge